**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lazaro Aguero Herrera, | No. CV-26-03208-PHX-KML (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., | |
| Respondent. | |

On May 1, 2026, petitioner Lazaro Aguero Herrera filed a petition for a writ of habeas corpus challenging the procedures the government employed when revoking his order of supervision and failure to provide him with a bond hearing. (Doc. 1 at 6.) Herrera requests immediate release from custody. (Doc. 1 at 7.) In response, the government provided evidence that Herrera's removal order became final on April 23, 2026. (Doc. 8-1 at 5.) Herrera's continued detention is therefore now governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701

(2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

It is unclear whether an alien can raise a colorable claim for release in the period between 90 days and six months. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted). Assuming such a claim can be raised, a petitioner must make a strong showing in the 90-day-to-six-month period. *See Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("Within the six-month window, the *detainee* must *prove* the unreasonableness of detention, and courts must accord great deference to Executive Branch determinations based on foreign policy expertise and administrative necessity.").

Because Herrera's removal period began less than 90 days ago, his current detention is mandatory. Therefore, his petition requesting immediate release is denied and the claims in his current petition are dismissed. If respondents are unable to remove Herrera within 90 days of his removal order, he may file a new petition asserting a claim based on prolonged detention.

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondent and close this case.

Dated this 8th day of July, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 2 -